UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TEDDY MOORE,

        Plaintiff,                         **MEMORANDUM AND ORDER**
                                                          12-CV-4206 (RRM)(LB)
    - against -

CITY OF NEW YORK and KATHY J. KING,

        Defendants.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

    *Pro se* plaintiff Teddy Moore brings this civil action against New York City and the judicial officer who presided over his recent civil action for malicious prosecution. Plaintiff's request to proceed *in forma pauperis* is granted, and the Complaint is dismissed for the reasons set forth below.

## BACKGROUND

    Plaintiff invokes the jurisdiction of this Court pursuant to 42 U.S.C. §§ 1983, 1985, and 1988. He alleges that defendants the City of New York and Justice Kathy J. King of the New York Supreme Court, Kings County, conspired to violate his constitutional rights in the course of a civil suit plaintiff filed against the City and presided over by Justice King. (Complaint ¶ 5.) Plaintiff states that he filed the suit, docket number 2895/2010, alleging Malicious Prosecution. (*Id.* ¶ 11.) He alleges that Justice King gave an incorrect charge to the jury when she charged "probable cause to arrest" as a defense to False Arrest, when that cause of action had already been dismissed from the case. (*Id.* ¶¶ 12-14.) Plaintiff asserts that this charge "perpetrated fraud upon the jury." (*Id.* ¶ 15.)

Plaintiff also asserts that Justice King berated him in front of the jury and "concentrated on annoying Plaintiff in an attempt to force Plaintiff into submission and accepting a donation to cover up the fraud." (*Id.* ¶ 17.) Moreover, he alleges, she refused to order a new trial or to recuse herself from the case. (*Id.* ¶ 19.) Plaintiff asserts that her actions deprived him of his rights to Due Process and the Equal Protection of the Laws. (*Id.* ¶¶ 18, 20, 24, 48, 51, 52.) He claims that Justice King is not entitled to judicial immunity, because, he alleges, she acted in excess of jurisdiction. (*Id.* ¶ 45, 49.) Plaintiff demands unspecified compensatory and punitive damages and a declaration that Justice King violated his constitutional rights.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are generally interpreted as raising the strongest claims it suggests, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), however, this special solicitude for *pro se* litigants does not apply to plaintiff, formerly a practicing attorney, who has been disbarred from the practice of law before this Court. *See Moore v. City of New York*, No. 08-CV-2449 (RRM) (LB), slip. op. at 1 (E.D.N.Y. Feb. 28, 2011) (citing cases). Furthermore, pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint, or any portion of the complaint if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### I. Judicial Immunity

All of plaintiff's claims against Justice King must be dismissed, because judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judicial officer be deprived of immunity "because the action he took was in error or was in excess of his authority." *Mireles*, 502 U.S. at 11, 13 (quotations and citations omitted). This immunity may be overcome only if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." *Id.* at 11-12.

Although plaintiff claims that Justice King acted in excess of jurisdiction, he fails to identify any jurisdictional defect in her presiding over his proceeding. Judges' jury charges, evidentiary rulings, and decisions on motions for a new trial or recusal are all clearly judicial acts performed within their judicial capacities, and are thus protected by absolute immunity from suits for damages. Accordingly, plaintiff's damages claim against defendant King is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Judicial immunity also bars plaintiff's claims for retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 73 (1985) (holding that a retrospective declaration of a violation of federal law where there is no continuing violation of federal law would have much the same effect as a full-fledged award of damages, and thus is barred by the Eleventh Amendment); *MacPherson v. Town of Southampton*, 664 F. Supp. 2d 203, 211 (E.D.N.Y. 2009) ("[T]o the extent Plaintiffs' declaratory claims are retrospective in nature in that they seek a declaration that the Justices' past [actions] violated the Constitution, they are barred by the doctrine of absolute

immunity." (citations omitted)); *LeDuc v. Tilley*, No. 05 CV 157 (MRK), 2005 WL 1475334, at *7 (D. Conn. June 22, 2005) (a claim for declaratory relief is intertwined with a claim for damages when a plaintiff asks the Court to "declare whether a past constitutional violation occurred."). "Declaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order." *LeDuc*, 2005 WL 1475334, at *7. Plaintiff may raise this claim in further state appellate proceedings, but not in federal court.

## II. Claims Against New York City

Plaintiff's claim against the City of New York must be dismissed because a municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).[1] Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985). In this case, plaintiff has not alleged any policy or custom attributable to the City. Accordingly, all claims against New York City are dismissed.

---

[1] Plaintiff also cannot hold the City of New York liable for claims arising under 42 U.S.C. §§ 1985 and 1988. *See Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir. 1979) (applying the *Monell* requirement of showing a municipal policy or practice to claims brought under 42 U.S.C. § 1985); *Fine v. City of New York*, 529 F.2d 70, 75 n.11 (2d Cir. 1975) (finding no vicarious liability for municipalities for the acts of their employees under 42 U.S.C. § 1988).

## CONCLUSION

For the reasons stated above, all of plaintiff's claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's application for *pro bono* counsel is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum and Order and the Judgment to plaintiff, and to close the file.

SO ORDERED.

Dated: Brooklyn, New York
       August 27, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge